ARTHUR C. MITCHELL, Appellant, v. GRANT S. YOUMANS, Respondent.

(176 N. W. 101.)

**Torts — effect of failure on part of plaintiff to allege and prove a cause of action.**

In an action to recover damages which the plaintiff claims to have suffered by reason of oppressive conduct of the defendant in connection with a loan transaction had between the plaintiff and a corporation of which the defend-

ant was president and manager, it is *held*, for reasons stated in the opinion, that the plaintiff failed to allege and prove a cause of action.

Opinion filed January 10, 1920.   Rehearing denied January 30, 1920.

Appeal from the District Court of Ward County, *H. E. Leighton,* J. Affirmed.

*McGee & Goss,* for appellant.

"On the other hand the officers and agents of a corporation cannot escape liability for their acts of misfeasance or malfeasance on the ground that they were acting for the corporation." Peck v. Cooper, 112 Ill. 192, 52 Am. Rep. 231; Wright v. Wilcox, 19 Wend. (N. Y.) 343, 32 Am. Rep. 507; Greenberg v. Whitcomb Lumber Co. 90 Wis. 225, 63 N. W. 93, 48 Am. St. Rep. 911 and note, 28 L.R.A. 439; Wines v. Crosby Co. (Mich.) Ann. Cas. 1913D, 1058 and note.

"When proof of a statement is introduced for the purpose of establishing the fact that a party relied and acted upon it is not objectionable on the ground that it is hearsay." 10 R. C. L. 959; Mills v. Riggle, 112 Pac. 617, Ann. Cas. 1912A, 616, 617; Kaufman v. Springer, 38 Kan. 730, 17 Pac. 475; Chatham Bank v. Hutchinson, 62 Kan. 9, 81 Pac. 443.

*Fish & Murphy,* for respondent.

BIRDZELL, J.   This is an appeal from a judgment of dismissal entered at the conclusion of the plaintiff's case.   The action sounds in tort and appears to be predicated upon certain alleged oppressive conduct of the defendant in connection with a loan transaction had between the plaintiff and the Savings, Loan, & Trust Company, of which the defendant was president and general manager.   A consideration of the errors assigned and argued in the brief requires a statement of the facts pleaded as the plaintiff's cause of action.   The supplemental complaint consists of some nine pages of typewritten matter in this record and we shall state only the substance of the allegations.

The plaintiff was the owner of a certain lot in Lakeview Addition to the city of Minot.   The defendant was president and managing officer of the Savings, Loan, & Trust Company.   In March, 1916, the plaintiff mortgaged the property for $1,100 to the Trust Company,

the latter taking at the same time a commission mortgage of $77.   Defendant knew that the object of the loan was to enable the plaintiff to finish the erection of a dwelling house on the lot and to pay for labor and materials necessary to that end.   The reasonable value of the property is alleged to be $3,000.

It is alleged that soon after the delivery of the notes and mortgages the defendant "V. . . . wilfully and maliciously and for the purpose of wrongfully and fraudulently obtaining title to said property, . . . and to cripple financially this plaintiff and hinder him from the completion of said building, to plaintiff's damage did wrongfully withhold and embezzle or cause said corporation to so do from him contrary to the agreement of said mortgage and contrary to the terms of said mortgage, . . . $478 of said $1,100 principal of said loan moneys, . . . all this without any just cause therefor, and to maliciously oppress and injure plaintiff and to further defendant's scheme and purpose to deprive plaintiff of said real estate to defendant's benefit."   The succeeding paragraphs allege as further acts of oppression and in furtherance of the defendant's purpose, that the defendant informed lumbermen, materialmen, carpenters and painters, that the plaintiff had used all the amount of the loan, would not be able to pay them, and that the only way they could procure their money would be by filing mechanic's liens.   That mechanic's liens were filed and foreclosed to the embarrassment of the plaintiff and to the injury of his credit, resulting in "great damage."   In a separate paragraph numbered VII., it is alleged that the plaintiff sustained $150 damages in the shape of expenses incident to the foreclosure proceedings under mechanic's liens which it would be necessary for him to pay to clear his title.   (All the allegations last above referred to as being contained in the paragraphs V. to VII., both inclusive, were stricken out on defendant's motion at the beginning of the trial.)

It is further alleged that in October, 1917, the defendant caused to be instituted foreclosure proceedings by advertisement, based on the $77 mortgage which is alleged to have been usurious and void.   That the foreclosure by advertisement was enjoined at an expense to the plaintiff in this action of $25.   That this was followed by an action which the defendant caused to be instituted in the district court for the foreclosure of the same mortgage.   That the foreclosure proceed-

ings terminated in a judgment in favor of the plaintiff against the Trust Company for $396.18, with interest at 8 per cent from March 14, 1917.

It is also alleged that the defendant had negotiated a sale of the premises to one Johnson, and that while the sale was pending, but before consummation, the "defendant did, to further annoy, vex, and injure and oppress the plaintiff herein" induce Johnson and his wife not to purchase the premises from the plaintiff, and "did wrongfully and maliciously cause the said Johnson to refuse to consummate the sale" to the plaintiff's damage in the sum of $500 profit the plaintiff would have received on the sale. Also that the defendant "did wrongfully and maliciously terrorize and drive said tenants from said premises of the plaintiff," thereby causing them to remove from the premises, causing loss of rent, to the plaintiff's "great damage." That owing to the failure of the Trust Company to pay the plaintiff the balance due him on the loan, a delay of eight months in the completion of the building was caused, resulting in a loss of $240 rental value. The prayer for judgment is for $1,000 compensatory damages and $1,500 punitive damages.

The first error argued in the appellant's brief is that the court erred in directing a verdict for the defendant. It is contended that under the view most favorable to the defendant the plaintiff was at least entitled to have the jury pass upon his claim for the $25 expended in enjoining the foreclosure by advertisement. Stripped of all redundancy, the appellant's proposition as to the $25 item amounts to this: If an officer of a corporation entertains an intention to wrongfully acquire title to property through foreclosure, using the corporation as an instrument, and foreclosure proceedings by advertisement are begun and enjoined, being followed by an unsuccessful foreclosure by action, the officer may be held for the expense incident to the injunction in an independent suit brought for that purpose. This proposition depends upon an element which is not pleaded. If any cause of action existed at all for the recovery of the $25, it was one for malicious prosecution. This action would not lie against the defendant in the absence of malice. It is clear that for what the corporation did legally in the pursuit of what it deemed to be a lawful remedy, neither it nor the officer who prompted its action is liable, nor is either the corporation or the

officer rendered liable because the latter may entertain a sinister purpose to use the remedy for his personal gain. A lawful remedy does not become unlawful because bad motives might prompt its use in a given case. A bad motive does not of itself constitute a legal injury. If, however, no sufficient cause existed for pursuing a remedy, and either the plaintiff or his active agent were actuated by malice, an action might lie for malicious prosecution. It is apparent upon reading the paragraph of the complaint, concerning the $25 item, that the plaintiff does not attempt to state a cause of action for malicious prosecution. The whole of the paragraph reads:

"That because of the said acts of oppression of the defendant using, and by and through said Savings Loan & Trust Company, a corporation, of which he was the manager and president, as an instrumentality to further said fraud and oppression, the said Youmans then caused an action in foreclosure to be begun in district court of said mortgage, the foreclosure of which by advertisement the plaintiff herein had caused to be enjoined at an expense to plaintiff of $25 paid therefor."

The foregoing allegations at most constitute but an element of the damage claimed to have resulted from the alleged oppressive acts of the defendant and must therefore be considered as dependent upon establishing the main cause. It is likewise apparent that the main cause of action (and the complaint purports to state but one cause) is not for malicious prosecution but for various oppressive acts in pursuance of a design to obtain title to plaintiff's property. It is our opinion, after a careful reading of the pleadings and the testimony, that the plaintiff has wholly failed to make out such a cause of action.

Upon reading the entire complaint it is so difficult to ascertain the real gravamen of the action and to gain reliable impressions of the plaintiff's theory of liability that we cannot regard the action of the trial court in striking out portions of the complaint as being erroneous. The Code of Civil Procedure requires only that the complaint shall contain a concise statement of the facts constituting a cause of action without unnecessary repetition, and if the plaintiff was aggrieved at the action of the trial court, he might well have redrafted his complaint in conformity with this simple requirement, so that it would have been possible for the defendant to have understood the grounds upon which liability was claimed. If the action was grounded upon a malicious

prosecution of a civil foreclosure suit, this could readily have been made to appear by proper averments. If, on the other hand, it was conceived to be one in which the defendant was liable for having entertained sinister motives in directing a corporation in the pursuit of its legal remedies and advising others as to what their legal remedies were, no cause of action is stated. For the plaintiff is not harmed by a mere motive or purpose of the defendant, especially as it appears that that purpose (to obtain title to plaintiff's property) was not realized.

To illustrate the defective character of the allegations and the proof, it is necessary to take up for example but one item for which the plaintiff claims recovery, and this is the principal one. It is contended that the evidence showed that the wrongful conduct of the defendant had led to the loss of $500 through the failure of the prospective sale to Johnson. It is manifest on this record that no such loss resulted. The plaintiff alleges his ownership of the property and does not allege his loss of the title. In fact, he testifies that he is still the owner. The value of the property is alleged in the complaint at $3,000. The plaintiff further testifies that Johnson entered and occupied the premises under an arrangement for sale, made by Schaft, a real estate agent, and that under this proposition, he, the plaintiff, was to receive $3,000 in trade. So it appears affirmatively by the allegations of the plaintiff's complaint and the evidence of the plaintiff himself that he was not damaged to any extent through the failure of Johnson to consummate the purchase. Therefore, if Youmans was responsible for the failure of the sale, his act has resulted in no damage to the plaintiff.

The remaining assignments of error as they are argued in the brief attack rulings of the trial court excluding testimony going to establish the reasons why the Johnsons did not consummate the purchase. The materiality of this testimony in the state of the record previously made is not perceived. If the plaintiff is still the owner of the property which is worth all that Johnson agreed to pay, he is not damaged by the defendant's act, if it be conceded that the defendant disrupted the sale. Or if Johnson was under contract to purchase, the acts of the defendant do not constitute a sufficient cause for his breach of contract with the plaintiff. It is therefore immaterial in this case what reasons the Johnsons had for refusing to go on with the purchase.

The foregoing applies as well to the ruling of the trial court in refus-

45 N. D.—7.

ing to grant a continuance to permit the plaintiff to secure the attendance of Mrs. Johnson as a witness. It appears from the statement of counsel that she would only testify to matters influencing the decisions of the Johnsons to break off the negotiations for purchase.

The judgment of the trial court is affirmed.

CHRISTIANSON, Ch. J., and ROBINSON, J., concur.

BRONSON, J. I concur in the result.

GRACE, J. I dissent from the result.